# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| CERTAIN UNDERWRITERS AT LLOYD'S, LONDON, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) Case No. 10 C 7151 ) |
| JOHNSON & BELL, LTD., GLENN F. FENCL, and RICHARD R. GORDON, | ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Plaintiff Certain Underwriters at Lloyd's, London has sued defendant law firm Johnson & Bell, Ltd. and two Johnson & Bell attorneys, alleging state law claims for malpractice relating to two underlying insurance cases. Defendants have moved to dismiss plaintiff's complaint on the basis of Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). For the reasons stated below, the Court grants defendants' motion in part, denies it in part, and defers determination of two aspects of the motion.

## Background

The Court takes the following facts from the allegations in plaintiff's complaint. The Court accepts those allegations as true for purposes of the motion to dismiss. *See Hallinan v. Fraternal Order of Police of Chicago Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009).

Plaintiff is an insurance syndicate consisting of members who are authorized to underwrite and insure risks with Lloyd's, London. Plaintiff subscribed to an insurance policy issued to "Franklin Construction Company" (FCC) for a one year term beginning on March 8, 2007. Phillip Koerner executed the application on behalf of FCC. In April 2008, plaintiff received notice of a civil lawsuit filed in the Circuit Court of Cook County, Illinois by Paul Lewis against Koerner and Franklin Construction and Development, Inc. (the *Lewis* lawsuit). In February 2009, plaintiff received notice of a civil suit filed in the same court by Christine Zarndt against Koerner and Franklin 1631 Milwaukee, LLC (the *Zarndt* lawsuit). Plaintiff retained the services of the law firm of Johnson & Bell to analyze plaintiff's coverage responsibilities in the *Lewis* and *Zarndt* lawsuits and to prepare and file complaints for declaratory judgment as necessary in connection with both suits.

Plaintiff asserts state law malpractice claims against defendants relating to their representation of plaintiff in connection with the *Lewis* and *Zarndt* lawsuits. With respect to the *Lewis* lawsuit, plaintiff alleges that:

- defendants negligently advised plaintiff that it had a duty to provide representation in the lawsuit;
- plaintiff undertook the representation as a result of that legal advice;
- defendants recommended approximately eight months later that plaintiff instead deny coverage and file a declaratory judgment action;
- defendants included inaccurate and detrimental factual allegations in the *Lewis* declaratory judgment action;

2

- defendants negligently failed to include FCC as a defendant in the *Lewis* declaratory judgment action; and
- defendants' conduct forced plaintiff to hire replacement counsel and incur unnecessary attorney's fees.

Compl. ¶¶ 19-38, 51. With respect to the *Zarndt* lawsuit, plaintiff alleges that:
- defendants negligently advised plaintiff that it had a duty to provide representation in the lawsuit;
- plaintiff undertook the representation as a result of that legal advice;
- defendants included inaccurate and detrimental factual allegations in the *Zarndt* declaratory judgment action;
- defendants negligently failed to include FCC as a defendant in the *Zarndt* declaratory judgment action; and
- defendants' conduct forced plaintiff to retain replacement counsel and incur unnecessary attorney's fees.

*Id.* ¶¶ 39-46, 58.

## Discussion

Defendants have moved to dismiss plaintiff's claims on four grounds: (1) this Court lacks subject matter jurisdiction over the action; (2) plaintiff has failed to name a "real party in interest" in accordance with Federal Rule of Civil Procedure 17(a); (3) plaintiff's claims are premature and prohibited under Illinois law; and (4) plaintiff's claims are otherwise legally deficient. The Court addresses each argument in turn.

I. **Subject matter jurisdiction**

Diversity jurisdiction exists when there is complete diversity of citizenship between the plaintiff and the defendants and the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a); *Del Vecchio v. Conseco, Inc.*, 230 F.3d 974, 977 (7th Cir. 2000). "When the facts that determine federal jurisdiction are contested, the [party seeking federal court jurisdiction] must establish those facts by a preponderance of the evidence." *Illinois Bell Tel. Co., Inc. v. Global NAPs Illinois, Inc.*, 551 F.3d 587, 590 (7th Cir. 2008) (citing *Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 543 (7th Cir. 2006)) (additional citation omitted); *see also Blomberg v. Serv. Corp. Int'l*, 2011 WL 1405144, *1 (7th Cir. Apr. 14, 2011)*.

Defendants argue that plaintiff fails to plead the citizenship of each of its members and thus that it has failed to establish complete diversity. For the purposes of diversity jurisdiction, "underwriting syndicates have the citizenships of every name" or member. *Indiana Gas Co., Inc. v. Home Ins. Co.*, 141 F.3d 314, 317 (7th Cir. 1998). Plaintiff alleges, and defendants do not dispute, that each of its members "ha[s] a principle place of business in London, England" and that "[n]one . . . are domiciled in the State of Illinois." Compl. ¶ 1. Because defendants do not dispute that they are citizens of Illinois, complete diversity exists. The Court thus rejects defendants' argument.

Defendants also contend that plaintiff has not satisfied the $75,000 amount in controversy requirement. Plaintiff alleges that it has incurred unnecessary attorney's fees in connection with defendant's services in the *Lewis* and *Zarndt* underlying lawsuits and declaratory judgment actions. Compl. ¶¶ 52, 59. Plaintiff has not,

4

however, alleged any specific amounts that it incurred in fees. The Court defers determination of whether to dismiss plaintiff's claims on this basis. Instead, it directs plaintiff to file by June 1, 2011, a more definite statement setting forth the basis for its contention that its claims satisfy the amount in controversy requirement. *See* Fed. R. Civ. P. 12(e); *Hoskins v. Poelstra*, 320 F.3d 761, 764 (7th Cir. 2003). In doing so, plaintiff should take into consideration the Court's rulings below regarding the sufficiency of certain of plaintiff's claims.

## II.     Rule 17(a)

Defendants next argue that plaintiff's complaint fails to name as plaintiff a "real party in interest" pursuant to Federal Rule of Civil Procedure 17(a). Rule 17(a) "requires that 'an action must be prosecuted in the name of the real party in interest.'" *RK Co. v. See*, 622 F.3d 846, 850 (7th Cir. 2010) (quoting Fed. R. Civ. Proc. 17(a)). "The 'real party in interest' is the person who possesses the right or interest to be enforced through litigation," *id.*, as determined by "the applicable state substantive law." *See Am. Nat'l Bank & Trust Co. v. Weyerhaeuser Co.*, 692 F.2d 455, 459-60 (7th Cir. 1982). In addition, Rule 17(a)(1) provides an illustrative list of "real parties in interest" that includes "a party with whom or in whose name a contract has been made for another's benefit." Fed. R. Civ. P. 17(a)(1)(F); *see also id.*, 1996 advisory committee's note, reprinted in 39 F.R.D. 84, 84 (describing list as "illustrative"); *Farrell Const. Co. v. Jefferson Parish, La.*, 896 F.2d 136, 142 (5th Cir. 1990) (same). While "[t]here is a 'rough symmetry' between the 'real party in interest' standard of Rule 17(a) and the rule that diversity jurisdiction depends upon the citizenship of real parties to the

5

controversy," the "two rules serve different purposes and need not produce identical outcomes in all cases." *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 463 n.9 (1980).

In their opening memorandum, defendants did not make a "real party in interest" argument distinct from their argument about the existence of diversity of citizenship. Thus plaintiff has not yet had a fair opportunity to address this argument. The Court therefore defers ruling on this aspect of the motion to dismiss and directs plaintiff to file, by June 1, 2011, a supplemental brief discussing whether it qualifies as a "real party in interest" under the general provision in Rule 17(a) or the specific provision in Rule 17(a)(1)(F). Defendants may file a supplemental reply on or before June 8, 2011.

### III. Prematurity of claims and speculative nature of damages

Defendants contend that the plaintiff's malpractice claims are premature because all the damages that plaintiff claims are speculative. They also assert that plaintiff has failed to allege that defendants' conduct proximately caused the alleged damages.

The parties agree that Illinois law governs plaintiff's malpractice claims. Under Illinois law, "[t]o prevail on a legal malpractice claim, the plaintiff client must plead and prove that the defendant attorneys owed the client a duty of due care arising from the attorney-client relationship, that the defendants breached that duty, and that as a proximate result, the client suffered injury." *N. Illinois Emergency Physicians v. Landau, Omahana & Kopka, Ltd.*, 216 Ill. 2d 294, 306, 837 N.E.2d 99, 106 (2005) (citing *Sexton v. Smith*, 112 Ill. 2d 187, 193, 492 N.E.2d 1284, 1286-87 (1986)). The Illinois Supreme Court has explained that:

6

> For purposes of a legal malpractice action, a client is not considered to be injured unless and until he has suffered a loss for which he may seek monetary damages. The fact that the attorney may have breached his duty of care is not, in itself, sufficient to sustain the client's cause of action. Even if negligence on the part of the attorney is established, no action will lie against the attorney unless that negligence proximately caused damage to the client. The existence of actual damages is therefore essential to a viable cause of action for legal malpractice.

*Id.* at 306, 837 N.E.2d at 107. "Where the mere possibility of harm exists or damages are otherwise speculative, actual damages are absent and no cause of action for malpractice yet exists." *Id.* at 307, 837 N.E.2d at 107 (citing *Lucey v. Law Offices of Pretzel & Stouffer, Chartered*, 301 Ill. App. 3d 349, 353, 703 N.E.2d 473, 477 (1998)). "Damages are considered to be speculative, however, only if their existence itself is uncertain, not if the amount is uncertain or yet to be fully determined." *Id.* (citing *Profit Mgmt. Dev., Inc. v. Jacobson, Brandvik & Anderson, Ltd.*, 309 Ill. App. 3d 289, 309, 721 N.E.2d 826, 842 (1999)).

The Illinois Appellate Court has applied these principles in three cases cited by the parties. First, in *Lucey*, a plaintiff alleged that he had obtained legal advice from the defendant law firm about the propriety of soliciting clients prior to resigning his job, followed the law firm's advice, and subsequently faced suit by his former employer. The court held the plaintiff's malpractice lawsuit was premature until resolution of the underlying lawsuit, explaining:

> a cause of action for legal malpractice will rarely accrue prior to the entry of an adverse judgment, settlement, or dismissal of the underlying action in which plaintiff has become entangled due to the purportedly negligent advice of his attorney.

*See Lucey*, 301 Ill. App. 3d at 356-57, 703 N.E.2d at 479 (citations omitted) (cited with approval in *N. Illinois Emergency Physicians*, 216 Ill. 2d 294, 307, 837 N.E.2d at 107). The court reasoned that plaintiff's "tentative damages would not become actionable unless and until [the underlying] litigation ended adversely to him," citing an interest in judicial economy. *Id.* at 357-59, 703 N.E.2d at 479-80.

Second, in *Goran v. Glieberman*, 276 Ill. App. 3d 590, 659 N.E.2d 56 (1995), a plaintiff sought to recover attorney's fees allegedly incurred when the defendant attorney filed an appellate record and brief that failed to comply with court rules; after an appellate court struck the filings, plaintiff's replacement counsel had to correct and resubmit them. *Id.* at 596, 659 N.E.2d at 60. The court held that the plaintiff's claim accrued when she paid replacement counsel to bring the briefs into compliance with court rules rather than after the appellate court adjudicated her appeal. *Id.* at 595-96, 659 N.E.2d at 60-61. The court reasoned: "[w]here the defendant's neglect is a direct cause of the legal expenses incurred by the plaintiff, the attorney fees incurred are rewardable as damages." *Id.* at 595, 659 N.E.2d at 59; *see also Lucey*, 301 Ill. App. 3d at 355, 703 N.E.2d at 478 (explaining that "the *Goran* holding is a limited one" and that a malpractice claim may accrue "only where it is clear, at the time the additional fees are incurred, that the fees are directly attributable to former counsel's neglect (such as through a ruling adverse to the client to that effect)").

Finally, in *Sorenson v. Fio Rito*, 90 Ill. App. 3d 368, 413 N.E.2d 47 (1980), the Illinois Appellate Court held that attorney's fees expended to recover tax penalties and

8

interest incurred due to the defendant's negligence were recoverable in a malpractice action. *Id.* at 373-74, 413 N.E.2d at 53. The court reasoned:

> Had the plaintiff been forced to hire an accountant to repair the damage caused by the defendant's conduct, she would undoubtedly have been entitled to recover the accountant's fee as an ordinary element of damages. There is no basis in logic for denying recovery of the same type of loss merely because the plaintiff required an attorney instead of an accountant to correct the situation caused by the defendant's neglect.

*Id.* at 372, 413 N.E.2d at 52.

In this case, plaintiff seeks to recover attorney's fees incurred as the result of the following alleged conduct: (1) defendants' negligent advice to plaintiff that it had a duty to defend in the *Lewis* and *Zarndt* lawsuits, Compl. ¶¶ 19-32, 35-38, 41-45, 51, 58; (2) defendants' negligent inclusion of inaccurate and detrimental factual allegations in the *Lewis* and *Zarndt* declaratory judgment actions, *id.* ¶¶ 33-34, 41-45, 51, 58; and (3) defendants' negligent failure to include FCC, the named insured under the policy, as a defendant in the *Lewis* and *Zarndt* declaratory judgment actions, *id.* ¶¶ 38, 46, 51, 58.

### A. Negligent advice regarding duty to defend

The Court begins with plaintiff's allegations that it incurred unnecessary attorney's fees because of defendants' negligent advice that plaintiff had a duty to provide representation in the *Lewis* and *Zarndt* lawsuits. Plaintiff alleges that it would not have undertaken its representation of the defendants in the underlying *Lewis* and *Zarndt* lawsuits but for defendants' advice. The parties do not dispute that plaintiff has challenged the existence of a duty to defend in the *Lewis* and *Zarndt* cases via declaratory judgment actions that it filed in the Circuit Court of Cook County.

As a preliminary matter, defendants acknowledge that, after the filing of their motion to dismiss, a judge of the Circuit Court of Cook County entered summary judgment in favor of plaintiff in the *Lewis* declaratory judgment action. *See* Pl.'s Mot. For Leave to File Supp. Br., Ex. A. The Circuit Court found that plaintiff "owe[d] no duty to duty to defend Franklin Construction Company, Franklin Construction and Development, Inc. [or] Phillip Koerner, individually." *Id.* Because the Cook County Circuit Court has entered judgment in the *Lewis* declaratory judgment action, making a finding contrary to the legal advice defendants allegedly gave, the Court rejects defendants' contention that plaintiff's claim relating to this allegation is premature.

The Court reaches a contrary conclusion with respect to plaintiff's allegations regarding its duty to defend in the underlying *Zarndt* lawsuit. Because the state court has not yet entered judgment in the *Zarndt* declaratory judgment action, plaintiff's claim concerning the duty to defend in the *Zarndt* case is premature. Plaintiff's tentative damages will not become actionable unless and until it prevails in the declaratory judgment action. The interest in judicial economy cited in *Lucey* is therefore squarely implicated.

In response, plaintiff cites "[t]he general rule in Illinois . . . that one who commits an illegal or wrongful act is liable for all of the ordinary and natural consequences of his act." *Sorenson*, 90 Ill. App. 3d at 371, 413 N.E.2d at 51 (citations omitted). The Court concludes that the more specific rule articulated in *Northern Illinois Emergency Physicians* and *Lucey* supercedes this general principle and mandates dismissal of this aspect of plaintiff's claims.

### B. Pleading of erroneous or damaging factual allegations

The Court next considers plaintiff's allegation that it incurred damages due to defendants' negligent inclusion of inaccurate and harmful factual allegations in the *Lewis* and *Zarndt* declaratory judgment actions. Plaintiff does not allege that defendants' conduct required an immediate correction by the replacement counsel that plaintiff retained. Instead, plaintiff alleges that the errors were "detrimental" to its chances of prevailing in the *Lewis* and *Zarndt* declaratory judgment actions. *See, e.g.*, Compl. ¶ 34, 51.

The Court grants the motion to dismiss with respect to these allegations. First, because plaintiff has prevailed in the *Lewis* declaratory judgment action, it cannot demonstrate that defendants' alleged negligence caused it damage. *See N. Illinois Emergency Physicians*, 216 Ill. 2d at 307, 837 N.E.2d at 107 ("[U]nless the client can demonstrate that he has sustained a monetary loss as a result of some negligent act on the lawyer's part, his cause of action cannot succeed.") (citing *Farm Credit Bank of St. Louis v. Gamble*, 197 Ill. App. 3d 101, 103, 554 N.E.2d 779, 780 (1990)); *see also Lucey*, 301 Ill. App. 3d at 355, 703 N.E.2d at 478 (noting that "where an attorney's neglect is *not* a direct cause of the legal expenses incurred by the plaintiff (*i.e.*, the plaintiff prevails when sued or loses for reasons other than incorrect legal advice), the attorney fees incurred are generally not actionable") (emphasis in original).

Second, with respect to defendants' allegedly erroneous statements in the *Zarndt* declaratory judgment action, plaintiff's claim is premature. Under Illinois law, an attorney's malpractice in the prosecution of an underlying cause of action does not

result in damages unless the plaintiff loses the action and can show that the loss was attributable to the defendant's malpractice. *See N. Illinois Emergency Physicians*, 216 Ill. 2d at 307, 837 N.E.2d at 107 ("Where the mere possibility of harm exists or damages are otherwise speculative, actual damages are absent and no cause of action for malpractice yet exists.") (citation omitted); *Bartholomew v. Crockett*, 131 Ill. App. 3d 456, 465, 475 N.E.2d 1035, 1042 (1985) (noting that the obligation of proving damages in a malpractice obligation "entails establishing that 'but for' the attorney's negligence, the client would have successfully . . . prosecuted the underlying suit"). Because any damages relating to this allegation are speculative pending the outcome of the *Zarndt* declaratory judgment action, the Court dismisses this aspect of plaintiff's claim.

### C. Omission of necessary party

Finally, the Court addresses plaintiff's allegation that defendants negligently failed to include FCC, the named insured under the policy, as a defendant in the *Lewis* and *Zarndt* declaratory judgment actions. Plaintiff states that, as a result of defendants' conduct, it had to pay replacement counsel unnecessary attorney's fees to correct the pleadings in both actions.

Based on the analysis in *Goran* and *Sorenson*, the Court finds that plaintiff's claims relating to these allegations are neither premature nor barred under Illinois law. Defendants' omission of FCC as a defendant in the *Lewis* and *Zarndt* declaratory judgment actions allegedly necessitated correction of the pleadings at a fixed cost to plaintiff. At the time the fees were incurred, it was clear that the fees were directly attributable to counsel's neglect. *See Sorenson*, 90 Ill. App. 3d at 374, 413 N.E.2d at

53 (reasoning that "Illinois law does not preclude [courts] from awarding attorneys' fees when those fees constitute nothing more than ordinary losses resulting from the defendant's conduct."). The mistake was independent of the outcome of the underlying lawsuit and was analogous to the submission of defective appellate filings in *Goran*. Because no underlying state court action bears on the matter, the allegations do not implicate the Illinois courts' concern with judicial economy. The Court concludes that damages relating to these allegations are actionable under Illinois law.

IV. **"Judgmental immunity"**

Lastly, defendants argue that plaintiff is improperly suing them for malpractice based on what defendants contend were judgment calls not appropriately subject to scrutiny in a malpractice claim. The Court rejected this argument in an oral ruling on March 3, 2011, in which it found that the complaint satisfies the requirements of Rule 12(b)(6).

**Conclusion**

For the reasons stated above, the Court grants the motion to dismiss [docket no. 28] in part, denies it in part, and defers determination of two aspects of the motion. The plaintiff's more definite statement and its supplemental memorandum on the Rule 17(a) issue are due by June 1, 2011, and defendants' supplemental reply on both points is due by June 8, 2011. The case is set for a further status hearing and ruling on the remainder of the motion to dismiss on June 15, 2001 at 9:00 a.m.

MATTHEW F. KENNELLY
Date: May 24, 2011
United States District Judge

13