**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **CERTAIN UNDERWRITERS AT LLOYD'S, LONDON,** | ) ) ) | |
| **Plaintiffs,** | ) ) | |
| **vs.** | ) ) | **No. 10 C 07151** |
| **JOHNSON & BELL, LTD., GLENN F. FENCL, and RICHARD R. GORDON,** | ) ) ) | |
| **Defendants.** | ) ) | |

**<u>MEMORANDUM OPINION AND ORDER</u>**

MATTHEW F. KENNELLY, District Judge:

The plaintiff in this case, referred to in the caption as "Certain Underwriters at Lloyd's, London," is a syndicate that underwrites and insures risk with Lloyd's London. In their papers, the parties refer to the syndicate by the name Canopius. Canopius sued Johnson & Bell, Ltd., an Illinois law firm, and two of its attorneys at the time of the allegations, Glenn F. Fencl and Richard R. Gordon, alleging two counts of legal malpractice. Defendants previously moved to dismiss plaintiff's complaint. The Court granted defendants' motion in part and denied it in part. *See Certain Underwriters at Lloyd's, London v. Johnson & Bell, Ltd.*, No. 10 C 7151, 2011 WL 3757179 (N.D. Ill. Aug. 25, 2011).

Defendants have now moved for summary judgment on the remaining claims. The Court denies defendants' motion for the reasons stated below.

**Background**

**A.    *Lewis* and *Zarndt* lawsuits**

Canopius subscribed to a liability insurance policy issued to Franklin

Construction Company (Franklin) for a one-year period beginning on March 8, 2007.

Phillip Koerner, apparently Franklin's owner, executed the application on behalf of

Franklin.  In April 2008, Canopius received notice that Paul Lewis had filed a personal

injury suit against Koerner and Franklin Construction and Development, Inc. (Franklin

C&D) in the Circuit Court of Cook County, Illinois.  *See Paul Lewis v. Phillip Koerner*

*and Franklin Construction and Development, Inc.*, Case No. 07 L 012823.  Lewis filed

the case after falling through an unlatched doorway down a staircase in a building that

Koerner owned.

In February 2009, plaintiff received notice that Christine Zarndt had filed a civil

suit against Koerner and Franklin 1631 Milwaukee, LLC, also in the Circuit Court of

Cook County, Illinois.  *See Christine L. Zarndt v. Phillip A. Koerner and Franklin 1631*

*Milwaukee, LLC.*, Case No. 08 CH 48174.  Zarndt, who had agreed to purchase a

condominium built by Koerner, accused him of defective construction that caused

property damage.

**B.    Defendants' legal services as counsel for plaintiff**

Canopius hired defendants to determine what its coverage responsibilities were

in the *Lewis* and *Zarndt* suits and to prepare and file any necessary legal documents in

connection with the cases.  On July 10, 2008, defendants advised plaintiff to defend the

*Lewis* case under a reservation of rights with regard to a policy exclusion for "prior

completed work."  Upon defendants' advice, plaintiff hired outside counsel to represent

2

Koerner and Franklin C&D in the *Lewis* lawsuit.

On April 27, 2009, defendants reversed their earlier position and recommended that Canopius deny coverage for the *Lewis* case and file a declaratory judgment action seeking a judgment that it had no duty to defend. The next day, Canopius authorized defendants to file such a lawsuit, and they did so. *See Certain Underwriters at Lloyd's, London, Subscribing to Certificate No. CRC000860 v. Franklin Construction and Development, Inc., an Illinois corporation, Phillip A. Koerner, Individually, and Paul Lewis, Individually*, Case No. 09 CH 16235. Defendants named Franklin C&D as a defendant in the declaratory judgment suit but did not name Franklin.

As for the *Zarndt* case, Canopius's third-party claim administrator, an entity called CCMSI, determined that the insurance policy that Koerner had executed did not require Canopius to defend anyone. CCMSI then hired defendants to file a complaint seeking a declaratory judgment to this effect, which defendants filed in April 2009. *See Certain Underwriters at Lloyd's, London, Subscribing to Certificate No. CRC000860 v. Phillip A. Koerner, Individually, Franklin 1631 Milwaukee, LLC. and Christine L. Zarndt, Individually*, Case No. 09 CH16234. Defendants again did not name Franklin as a defendant.

Canopius later retained a different law firm, which added Franklin as a defendant in both the *Zarndt* and *Lewis* cases. This, Canopius alleges, caused it to incur additional legal fees and costs. Canopius ultimately obtained a declaratory judgment of non-coverage in both cases.

## C.   Plaintiff's complaint and defendants' motion to dismiss

In the present lawsuit, Canopius alleges that defendants were negligent in: 1)

initially advising Canopius that it had a duty to defend in the *Lewis* case, 2) including

inaccurate and detrimental factual allegations in the declaratory actions concerning both

underlying cases, and 3) failing to include Franklin as a defendant in the declaratory

judgment actions concerning both lawsuits.  Canopius alleges that defendants'

negligence forced it to hire replacement counsel and incur unnecessary attorney's fees.

Defendants previously moved to dismiss Canopius's complaint.  The Court

granted the motion in part.  Specifically, the Court dismissed Canopius's claims to the

extent they were premised on allegations that defendants had included inaccurate or

harmful factual allegations in the declaratory judgment actions.  The Court concluded

that Canopius could not show that it was damaged by this conduct in connection with

the *Lewis* case and that the parallel claim regarding the *Zarndt* case was premature

because the declaratory judgment action was still pending.  *Certain Underwriters*, 2011

WL 3757179, at *6.

The Court rejected defendants' contention that Canopius's negligence claim

relating to the failure to name Franklin in the declaratory judgment actions was

premature or barred as a matter of law.  The Court concluded that plaintiff's allegation

that it incurred additional expense as a result of this omission gave rise to an actionable

claim under Illinois law.  *Id.*

**Discussion**

Summary judgment is proper "if the movant shows that there is no genuine

dispute as to any material fact and the movant is entitled to judgment as a matter of

law."  Fed. R. Civ. P. 56(a).  "To determine whether genuine issues of material fact

exist, we ask if 'the evidence presents a sufficient disagreement to require submission

to a jury or whether it is so one-sided that one party must prevail as a matter of law.'"

*Adeyeye v. Heartland Sweeteners, LLC*, 721 F.3d 444, 449 (7th Cir. 2013) (quoting

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251–52 (1986)). The Court views all

facts and draws all reasonable inferences in favor of the non-movant. *Scott v. Chuhak*

*& Tecson, P.C.*, 725 F.3d 772, 779 (7th Cir. 2013).

As stated earlier, Canopius has sued defendants for legal malpractice under

Illinois law. To prevail, Canopius must prove: 1) an attorney-client relationship; 2) a

duty arising out of that relationship; 3) a breach of that duty; 4) causation; and 5) actual

damages. *Ball v. Kotter*, 723 F.3d 813, 822 (7th Cir. 2013). Defendants contend that

Canopius has not shown that defendants breached their duty to plaintiff or caused it any

injuries relating to the *Lewis* and *Zarndt* cases.

## A. Breach of duty

### 1. "Error of judgment"

Defendants claim that they are protected by the doctrine of "judgmental

immunity." The term is a bit of a misnomer. As Justice James Epstein pointed out in

his opinion for the Illinois Appellate Court in *Nelson v. Quarles and Brady, LLP.*, 2013 IL

App (1st) 123122, ¶ 31, 2013 WL 5475267, at *7 (Sept. 30, 2013), "no Illinois case has

used [this] phrase." The legal doctrine that defendants are invoking is the principle that

"an attorney is liable to his client only when he fails to exercise a reasonable degree of

care and skill; he is not liable for mere errors of judgment." *Smiley v. Manchester Ins. &*

*Indem. Co.*, 71 Ill. 2d 306, 313, 375 N.E.2d 118, 122 (1978). A more precise shorthand

for this principle would be the "error of judgment rule," so that is the term the Court will

use. *See Nelson*, 2013 IL App (1st) 123111, ¶ 31, 2013 WL 5475267, at *7. Under this

5

rule, a lawyer cannot be held liable in malpractice for actions "which are the result of an honest exercise of professional judgment." *Id.* (internal quotation marks omitted).

Defendants argue that their advice to Canopius that it should defend the *Lewis* suit under a reservation of rights reflected, as a matter of law, a reasonable degree of care and skill. They argue that when Canopius retained them, they did not know whether Koerner had hired the contractor who built the stairs on which Lewis had fallen in Koerner's capacity as a landlord, or as Franklin. As a result, defendants say, they could not confirm whether the insurance policy that Koerner executed on behalf of Franklin obligated Canopius to defend him in the case. Defendants also say that they did not know at the time whether the stairs were built during a period that fell under an exclusion in the policy for prior work. Defendants contend that they tried to contact Koerner but that he remained evasive until February 2009, after which he finally provided answers to these questions. On April 27, 2009, defendants revised their recommendation to Canopius based on Koerner's responses.

Defendants further contend that they searched the Illinois Secretary of State corporation database to determine whether Franklin and Franklin C&D were different entities. They say that the website showed that Franklin C&D was formerly known as Franklin Construction, Inc.

Finally, defendants contend that they proceeded with caution because Canopius could flatly refuse to defend the *Lewis* case only if it was clear from the face of the complaint in that case that the allegations were outside of the bounds of coverage provided by the insurance policy. They contend that the complaint in the *Lewis* case was worded broadly in a way that potentially triggered coverage. *See Nautilus Ins. Co.*

*v. Glenn Gutnayer Constr., Inc.*, No. 09 C 7639, 2011 WL 1326255, at *2-3 (N.D. Ill. Apr. 4, 2011).

Canopius has provided sufficient evidence of a breach of duty to permit a reasonable jury to find in its favor on that point. "Illinois requires the plaintiff in a legal-malpractice case to establish through expert testimony the standard of care to which the accused lawyer should have adhered." *Georgou v. Fritzshall*, 178 F.3d 453, 456 (7th Cir. 1999). Plaintiff has offered the testimony of an expert witness, Lawrence D. Mason, to establish the standard of care as well as defendants' alleged deviation from that standard.

Defendants argue that Mason's testimony is inadmissible because he offers opinion that amount to legal conclusions that purport to be outcome-determinative, including on scope of the insurance policy that Koerner executed on behalf of Franklin. The Seventh Circuit has held, albeit not in the context of a legal malpractice claim, that "expert testimony as to legal conclusions that will determine the outcome of the case is inadmissible." *Good Shepherd Manor Foundation, Inc. v. City of Momence*, 323 F.3d 557, 564 (7th Cir. 2003). Assuming this principle applies in the present context—where the applicable law *requires* a party to offer expert testimony regarding the standard of care applicable to lawyers in the situation—Mason's testimony does not run afoul of the principle. He has identified actions that he contends defendants should have taken with respect to the *Lewis* and *Zarndt* cases based on "prudent practice[s]" and "basic principles of insurance coverage." Pl. Ex. 14 at 36, 31. This is precisely what Illinois law requires of an expert in a legal malpractice case. And as Canopius points out, neither party need look to Mason for what the insurance policy that Koerner executed

7

on behalf of Franklin says; Canopius is not contesting defendants' own April 27, 2009

opinion letter on that point, and the state court likewise determined the issue in the

underlying litigation.  In short, Canopius appropriately relies on Mason's testimony to

assess whether a reasonable jury could find that defendants failed to exercise

reasonable care and skill in providing legal services to Canopius.

Mason testified during his deposition that "the basic principles of insurance

coverage would require one to verify whether you are actually dealing with an insured . .

. ."  Pl. Ex. 14 at 31.  He stated that defendants should have done this by reviewing the

declarations page of the insurance policy that Koerner had executed on behalf of

Franklin and examining the language of the complaint in the *Lewis* case.  Mason

observed that this would have alerted defendants to the fact that the parties that Lewis

had sued were not the named insureds.  He stated that no matter how broadly the

plaintiff's complaint was worded, it could not trigger coverage under a policy issued to

Franklin, when Franklin was not even named as a party in the case.  Mason's testimony

does not provide the only evidence of a breach of duty by defendants.  In their April 27,

2009 letter by which defendants reversing their earlier recommendation to defend

Koerner in the *Lewis* suit defendants stated:

> [W]e do not believe there could ever be coverage for Franklin Construction
> and Development in this matter because Franklin Construction and
> Development is not insured under the Underwriters policy.  The
> Underwriters policy was issued to Franklin Construction Company as
> named insured.  The Declarations page only indicates Franklin
> Construction Company as named insured.  The policy does not indicate
> Franklin Construction and Development as a named insured or an
> additional insured.

Pl.'s Ex. 13 at 2.  The letter itself indicates that defendants relied on the declarations

page of the insurance policy—the same point made by expert witness Mason—to reach

their revised opinion regarding coverage. Yet defendants had the policy from the outset of their relationship with plaintiff.

Canopius has also offered evidence of defendants' failure to investigate the relationship between Franklin and Franklin C&D, which, Canopius contends, would have established that it had no duty to defend in the *Lewis* case. Canopius notes that neither Gordon nor Fencl could recall whether he knew of the difference between these entities on July 10, 2008 and that Gordon actually told CCMSI in August 2008 that Franklin and Franklin C&D were the same entity.

Based on this evidence, a reasonable jury could find that defendants breached their duty of care to Canopius by failing to advise it at the outset that it could decline to defend Koerner and Franklin C&D.

### 2.    Decision taken in collaboration with plaintiff

Defendants contend that they cannot be held liable for legal malpractice because they reached the decision that it was prudent to defend Koerner in the *Lewis* case together with plaintiff. Defendants say that they informed Canopius of all of its options, including the option of filing a complaint for declaratory relief. They say that they described this possible course of action to CCMSI before sending Canopius the July 10, 2008 letter in which they advised that Canopius should defend the *Lewis* case under a reservation of rights. Defendants further maintain that not even this really matters, because Canopius (via CCMSI) was sophisticated in such matters and already was well aware that it could simply deny coverage and seek declaratory judgment. Defendants cite correspondence between Canopius and CCMSI to support this argument. Along the same lines, defendants assert that Canopius made the final decision on how to

respond to the *Lewis* suit.

During their depositions, however, CCMSI personnel denied that defendants ever told them that Canopius could or should seek a declaratory judgment immediately. Canopius also distinguishes between the options that were theoretically available (and that it might have known of) and the choices that defendants said it had in this particular situation. And although Canopius may have made the final decision to defend Koerner in the *Lewis* suit, there is evidence that it did so in reliance on the legal advice that defendants provided—the very reason why Canopius retained counsel in the first place.

In sum, defendants are not entitled to summary judgment based on their contention that Canopius knew the risks and made an informed decision regarding the course to follow.

## B.    Proximate cause

Defendants also seek summary judgment on the ground that Canopius cannot show proximate cause. They argue that the existence of several open questions regarding Koerner obligated Canopius to defend under a reservation of rights in the *Lewis* suit in July 2008, irrespective of the relationship between Franklin and Franklin C&D.

"A plaintiff in a legal malpractice case 'must plead and prove that [he] has suffered injuries resulting from the defendant attorney's alleged malpractice.'" *Bourke v. Conger*, 639 F.3d 344, 347 (7th Cir. 2011) (quoting *Nettleton v. Stogsdill,* 387 Ill. App. 3d 743, 748, 899 N.E.2d 1252, 1257 (2008)). Specifically, "a plaintiff must demonstrate that his/her injuries would not have occurred but for the attorney's negligence." *Carmel v. Clapp & Eisenberg, P.C.*, 960 F.2d 698, 703 (7th Cir. 1992). "Illinois courts have

10

stated that it is generally preferable to 'leave proximate cause to juries because it is often debatable, and fair minded persons might reach different outcomes[.]'" *Bourke*, 639 F.3d at 347 (quoting *First Nat'l Bank of LaGrange v. Lowrey*, 375 Ill. App. 3d 181, 202, 872 N.E.2d 447, 469 (2007)).

Canopius has alleged that it incurred unnecessary fees for the ongoing defense of the *Lewis* suit due to defendants' original opinion that Canopius was obligated to do so. Canopius has provided evidence sufficient to permit a reasonable jury to find that it would have denied coverage in the *Lewis* suit, and thereby avoided defense fees, had it been made aware of the distinction between Franklin and Franklin C&D as well as which company its insurance policy covered.

**C.     Omission of Franklin as a defendant in declaratory judgment actions**

Defendants argue that they are entitled to summary judgment on Canopius's claim that they were negligent in failing to include Franklin as a defendant in either declaratory judgment action. Canopius seeks to recover the attorney's fees and costs that it paid to replacement counsel to correct the pleadings in both cases.

Defendants contend that an insured is not a necessary party to every case regarding coverage under an insurance policy in which it is named. Rather, the dispositive question is whether the court's determination of another party's coverage rights would deprive the named insured of material rights. *State Farm Mutual Auto. Ins. Co. v. Haskins*, 215 Ill. App. 3d 242, 245, 574 N.E.2d 1231, 1233 (1991). Though this is certainly true as a general principle, defendants' arguments are insufficient to permit the Court to decide this issue in their favor on summary judgment.

## Conclusion

For the foregoing reasons, the Court denies defendants' motion for summary judgment [docket no. 107]. The case is set for a status hearing on December 17, 2013 at 9:30 a.m. for the purpose of setting a trial date.

_____
MATTHEW F. KENNELLY
United States District Judge

Date: December 10, 2013